This is a tort action in which plaintiff seeks to fasten responsibility upon defendant for the injuries sustained by her when she fell over a light pole alleged to have been owned and negligently left by defendant's agents and employees across the sidewalk in the 1300 block of Andrews Street in the City of Shreveport. Defendant denies liability to any extent. It avers that the light pole over which plaintiff fell had stood in the 1300 block of Andrews Street but was cut down by its agents and replaced by another pole; that the pole on the day it was cut down was by defendant's foreman given to an old negro man named Allen Mitchell with the distinct understanding that it would be immediately removed from the street to a place of safety; that before its work crew left the scene Mitchell did remove the pole on to a vacant lot on the opposite side of Andrews Street and left it there in a position which offered no hazard or danger to pedestrian traffic; that thereafter defendant exercised no control over the pole and had no right so to do as it had become the property of said Mitchell and subject exclusively to his personal control and direction.
The trial judge rejected plaintiff's demand and she appealed.
The allegations of defendant's answer are proven beyond any doubt whatever. After the pole was given to Mitchell, he, assisted by another colored man, carried it across the street and deposited it on a vacant lot perpendicular to the dirt path in front of the lot which was used by pedestrians in lieu of a sidewalk. The testimony convinces us that no part of the pole when left on the vacant lot by Mitchell extended over any part of said path. If it so extended when plaintiff fell over it, surely someone had moved it from the position in which Mitchell and his helper had left it. There is some testimony to the effect that plaintiff was looking backward when she fell. The accident happened in the nighttime. If she was looking backward when she tripped over the pole, it is very likely she walked from the well beaten path. However, this is unimportant. Since defendant had parted with title to and control of the pole and saw to it that it was carried from the street and left at a place and in a position free of danger or hazard to traffic of any character, no liability can possibly attach to defendant for the injuries sustained by plaintiff who thereafter fell over the same. It was no duty of defendant to guard the pole after it was left on the vacant lot.
The judgment of the lower court rejecting plaintiff's demand is manifestly correct. It is affirmed with costs of court. *Page 607